IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAKARIAH LAFRENIERE,<br><br>   Plaintiff,<br><br> v.<br><br>PRADA U.S.A. CORP.,<br><br>   Defendant. | No. C-12-3701-EDL<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO ENFORCE DISCOVERY ORDER AND SPECIALLY SET PLAINTIFF'S DEPOSITION** |

  Pending before the Court is Defendants' Motion to Enforce the Court's Discovery Order and Specially Set Plaintiffs' Deposition. (Dkt. 41.) In this motion, Defendant seeks an order: (1) compelling Plaintiff to appear for a deposition in the Northern District Courthouse; and (2) allowing Defendants to take the deposition over the course of two seven hour days. For reasons set forth below, the Court **GRANTS** Defendant's motion.

  Defendant is to select two days next week for Plaintiff's deposition and to notify Plaintiff and also the Court in advance so that arrangements for the deposition can be made.

  The Court orders Plaintiff to appear for his deposition inside the Northern District Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102 for two seven-hour days of deposition questioning on the dates selected by Defendant. Plaintiff may not sit in silence and fail to respond to questions as he has stated he will do. The Court warns Plaintiff that any violation of this Order or any of the Court's previous Orders will result in sanctions, including dismissal of this case.

**II. Background**

  This is an employment discrimination case in which Plaintiff alleges Defendant

discriminated against him because of his race. On July 16, 2012, Plaintiff filed a 90 page complaint. Since that time, the Court has admonished Plaintiff several times about his conduct in this case. In November 2012, after Plaintiff left voice mails with Court staff discussing the case and copied the Court on emails to opposing counsel, the Court notified Plaintiff that if he wishes to bring a dispute to the Court's attention, he should do so in writing and in compliance with the federal and local rules. (Dkt. 25.) In December 2012, the Court granted Defendant's request for permission to take Plaintiff's deposition in the Northern District Courthouse. (Dkt. 34.) In January 2013, the Court instructed Plaintiff to conduct himself in a professional and civil manner and to "refrain[] from the use of profanity or insulting, demeaning, or disparaging language to opposing counsel." (Dkt. 37 ¶ 4.) The Court also instructed Plaintiff not to affix opposing counsels' signatures on any documents. (Id.) In March 2013, the Court again told Plaintiff not to attempt to communicate ex parte with the Court or its staff via the telephone. The Court warned Plaintiff that any future improper attempts at ex parte communication could result in sanctions, "up to and including dismissal of this action. (Dkt. 39.)

On March 13, 2013, Defendant asked Plaintiff if he was available for a deposition on May 9 and May 10, 2013 in the Northern District Courthouse. (Saman Decl. Ex. B.) Defendants also requested that Plaintiff agree to a two-day deposition given his lengthy complaint and numerous allegations. (Id.) In response, Plaintiff stated that he was not inclined to travel to San Francisco for two days of "random questions" and would not entertain "any fishing expedition.". (Id. Ex. C.) Plaintiff suggested instead that Defendants serve additional interrogatories or depose him by telephone conference or email. (Id.)

Defendant again corresponded with Plaintiff about his availability for his deposition and reminded him of the Court's order that he be deposed in the Northern District Courthouse. Plaintiff refused to agree to any deposition in San Francisco. Instead, Plaintiff claimed that there was "no money in plaintiff's budget to waste on needless trips back and forth to San Francisco." (Id. Ex. F.) Plaintiff also indicated his refusal to testify at any deposition: "That said, even if the court could compel appearance in a process in which the court will not oversee, or record, plaintiff would simply sit in silence. Imagine seven hours of asking random questions to dead silence." (Id.) Plaintiff reiterated his preference for interrogatories or deposition by videoconference, telephone, or

email. (Id.) In so doing he referred to Defendant's counsel disparagingly as "inept" and "leeching." (Id.) Plaintiff ended his response by threatening to file a complaint against Defendant's counsel with the California Bar Association. (Id.) This threat was repeated when Plaintiff rejected Defendant's request for a meet and confer. (Id. Ex. G.)

On May 13, 2013, Defendant filed the pending motion. In it, Defendant requests that the Court order Plaintiff to appear for his deposition inside the Northern District Courthouse for two days of testimony. Defendant does not specifically request dismissal of Plaintiff's action or other sanctions, but it does point out that Plaintiff's failure to comply with discovery obligations and court orders may warrant dismissal sua sponte. Although Plaintiff received this motion, he did not file a timely response with the Court. He did, however, email Defendant. (Dkt. 42.) In this email, Plaintiff confirmed that he would not appear for any deposition and that even if he appeared, he would not answer any questions. He also again referred to Defendant's counsel in an unprofessional manner, in violation of the Court's order. (Id. (referring to Defendant's counsel's law firm as a "joke").)

On June 2, 2013, after the deadline for any response or reply to Defendant's motion, Plaintiff filed a "Notice of Plaintiff's Prior Stipulation of March 13, 2012 to Participate in Discovery via Remote Means." In this document, Plaintiff represented to the Court that "plaintiff has already stipulated with counsel to participate in deposition via remote means consistent with Federal Rule of Civil Procedure 30(4)." (Dkt. 43.) This so-called stipulation was not, however, signed by Defendant or its counsel. Rather, in it Plaintiff argues that Defendant should have asked additional questions earlier because "Plaintiff stipulated to be deposed in a cost effect means." Plaintiff also characterized Defendant's request for a deposition as "a fraudulent attempt to exacerbate the cost of litigation." (Id.)

Defendant's counsel confirmed that they did not stipulate or agree to depose Plaintiff by remote means. Defendant moved to strike the stipulation as an untimely response and argued that Defendant violated the Court's order prohibiting him from misrepresenting the parties' agreements. (Dkt. 45.)

3

### III. Discussion

#### A. Appearance at a Deposition in Northern District Courthouse

Under Federal Rule of Civil Procedure 30, a party may "by oral questions" depose any person, including a party. Fed. R. Civ. P. 30(b). If a person believes he should not have to appear for a deposition, he must move for a protective order; he cannot simply fail to appear at his deposition. Fed. R. Civ. P. 37(d)(2). Pro se litigants are bound by the same rules of procedure that govern other litigants. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (overruled on other grounds).

Here, the Court has already ordered Plaintiff to appear for his deposition and to do so at the Northern District Courthouse. Further, Plaintiff did not timely file an opposition to Plaintiff's motion to compel or move for a protective order. The Court grants Defendant's motion to strike Plaintiff's improper "stipulation." Accordingly, the Court grants Defendant's request to compel Plaintiff's deposition in the Northern District Courthouse next week.

#### B. Deposition of Two Days

Defendant also requests that the Court allow Defendant to depose Plaintiff for two days. Although the usual rule is that a deposition is limited to one day of seven hours, a court "must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstances impedes or delays the examination." Fed. R. Civ. P. 30(d)(1). Defendant argues persuasively that additional time is needed because Plaintiff's complaint is 90 pages long and contains numerous allegations. Good cause having been shown, the Court grants Defendant's request to allow two seven hour days of deposition.

#### C. Sanctions

Plaintiff has violated court orders and failed to comply with his discovery obligations. He has shown disrespect for Defendant's counsel and this Court. Accordingly, if Plaintiff violates any part of this Order, or any of the Court's previous orders, the Court will not hesitate to issue appropriate sanctions, including dismissal of Plaintiff's case.

### IV. Conclusion

The Court grants Defendant's motion. Defendant is to select two days next week on

which to depose Plaintiff. The Court orders Plaintiff to appear in the Northern District Courthouse on the days selected by Defendant.

**IT IS SO ORDERED.**

Dated: June 20, 2013

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

5