IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZAKARIAH LAFRENIERE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PRADA U.S.A. CORP.,<br><br>　　　　Defendant. | No. C-12-3701-EDL<br><br>**ORDER OF DISMISSAL** |

On June 21, 2013, the Court ordered Plaintiff to appear for his deposition at the Northern District Courthouse. (Dkt. 46.) The Court also warned Plaintiff that any violation of that order or any of the Court's previous orders would result in sanctions, including dismissal. Two of those previous orders prohibited Plaintiff from communicating with the Court unless he did so in writing and in compliance with the federal and local rules. (Dkt. 25; 39.) The Court also ordered Plaintiff to refrain from using insulting, demeaning, or disparaging language. (Dkt. 37 ¶ 4.) On June 24, 2013, Plaintiff emailed the Court and Defendant's counsel and requested that his case be dismissed. (Saman Decl. Ex. A, Dkt. 47.) Specifically, Plaintiff stated that "[d]ue to fraud based on misrepresentation by both this sham court and counsel, plaintiff will no longer participate in the grand charade at taxpayer expense." (Id.) He noted that he "had no idea at the time of filing he was dealing with the serpent people." (Id.) Plaintiff also called the Court and left a message stating that he would not appear for the deposition as ordered and reiterating his request that the Court dismiss his case. Additionally, Plaintiff told Defendant's counsel that he "directed the Court by phone today to dismiss the case; there'll be no deposition." (Saman Decl. Ex. B., Dkt. 47.) Defendant does not oppose dismissal. (Notice of Non-Opposition, Dkt. 47.)

　　　　Plaintiff could have sought voluntary dismissal by requesting a court order under

Federal Rule of Civil Procedure 41(a). Defendant filed a notice of non-opposition to dismissal with prejudice. Accordingly, in light of the Court's previous orders directing compliance with the federal and local rules, the Court dismisses Plaintiff's case with prejudice as a sanction for his violations of multiple Court orders. Because Plaintiff is unwilling to proceed with his case and appear for his deposition, the public's need for expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. Further, Plaintiff's conduct toward Defendant and its counsel is prejudicial, and they should not be subject to further verbal abuse. These factors outweigh the public policy in favor of disposition on the merits. No less drastic sanction would suffice. The Court therefore dismisses Plaintiff's case with prejudice under Federal Rule of Civil Procedure 37 and the Court's inherent power to manage the docket. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992) (affirming district court's dismissal of complaint for failure to follow court order).

Dated: June 27, 2013

*Elizabeth D. Laporte*

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge